UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOES 1–6

and

JOHN DOES 7–12,

    Plaintiffs,

v.

DOUGLAS A. COLLINS,

    Defendant.

Civil Action No. 25-760 (JEB)

**MEMORANDUM OPINION AND ORDER**

At the end of this past January, the Acting Secretary of Veterans Affairs sent an agency-wide email with the VA's plans to close all diversity, equity, inclusion, and accessibility (DEIA) offices, in compliance with recent executive orders and guidance from the Office of Personnel Management. See ECF No. 1 (Compl.), ¶ 12. That same day, the VA's Office of Equity Assurance (OEA) was closed and OEA employees were placed on administrative leave. See id., ¶¶ 13–14. Plaintiffs are twelve OEA employees who have brought this action against VA Secretary Douglas Collins, challenging his designation of the OEA as a DEIA office. They allege that Defendant's erroneous designation was based on "improper" and "retaliatory" purposes," evidenced by OPM's decision to terminate them instead of permitting their reassignment within the agency. See id., ¶ 34. Plaintiffs allege violations of their First and Fifth Amendment rights and the Administrative Procedure Act. See id. at 19. Citing fears of retaliation and risks to future employment, Plaintiffs seek to proceed under pseudonyms, including concealing their identities from Defendant. See ECF No. 2 (Mot.). The Court will

1

grant the Motion in part and deny it in part, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

I. **Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,

grant the Motion in part and deny it in part, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

**I.     Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

At this early stage, Plaintiffs have met their burden to show that the privacy interests at stake outweigh the public's presumptive and substantial interest in learning their identities, but not Defendant's interest in the same.

The first factor supports granting the Motion. Plaintiffs seek pseudonymity not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). They request that their identities be withheld "to avoid retaliation in the form of adverse employment actions, up to and including termination." Mot. at 5. This Court has recognized that the first factor "weighs heavily in favor of allowing [a plaintiff] to proceed pseudonymously when a complaint would identify the plaintiff in a manner that would threaten the plaintiff's future employment opportunities." Does 1–2 v. Off. of Pers. Mgmt., 2025 WL 384577, at *2 (D.D.C. Feb. 4, 2025) (alteration in original) (quotation marks omitted) (quoting Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020) ("[T]he purpose of plaintiff's action is to prevent word of the charge of professional misconduct from reaching the National Practitioner Data Bank . . . . [I]f an adverse report is made to that body, . . . [plaintiff] will be unable to practice medicine.")).

Plaintiffs support their fear of retaliation with evidence — namely, a sworn declaration from their counsel — explaining the potential professional consequences of revealing their identities. See ECF No. 2-1 (Decl. of David A. Branch). For example, their attorney notes that "[t]he new Administration has strongly stated to public and private employers that they should

3

dismantle all DEIA offices." Id., ¶ 4. Plaintiffs have all "been notified that they will be terminated within 60 days" and "are currently looking for employment." Id. They contend that they "must report on [job] applications that they were terminated because the Defendant concluded that they worked in DEIA offices." Id. They are therefore concerned that disclosing their names in a lawsuit "challenging the Agency's designation of them as DEIA employees will destroy future efforts to gain employment." Id. Their allegations are thus not the kind of "'speculative and unsubstantiated claims of harm to a [plaintiff's] reputational or economic interests' [that] are insufficient to justify proceeding anonymously." John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (quoting Doe v. Pub. Citizen, 749 F.3d 246, 274 (4th Cir. 2014)).

The second factor also supports granting the Motion. This factor favors pseudonymity where a party faces "risk of retaliatory physical or mental harm." In re Sealed Case, 971 F.3d at 326 (quotation marks omitted); see also Does 1–9 v. U.S. Dep't of Just., 2025 WL 446030, at *2 (D.D.C. Feb. 4, 2025) (second factor favors pseudonymity when disclosure puts plaintiffs at risk of threats and harassment). Plaintiffs claim that they "genuinely fear retaliation" by other employees, other federal agencies, and the public. See Mot. at 6. They contend that they are "damaged by their erroneous identification" as DEIA employees, a designation that "stigmatize[s] [them] as federal employees who discriminate against Americans and their work as 'wasteful,' 'shameful' and 'divisive.'" Compl., ¶ 33. Their counsel asserts that the Administration's public statements have described DEIA offices as "dangerous, caus[ing] disastrous consequences, demeaning and immoral, illegal, [and] violative of civil rights." Branch Decl., ¶ 4. Plaintiffs further claim that "[f]ederal employees were encouraged to report DEIA programs and staff . . . to an OPM website," Mot. at 6, and their counsel alleges that

4

"[p]artisan political organizations have publicly posted lists of people who worked in DEIA offices with their names and pictures." Branch Decl., ¶ 4. "Although Plaintiffs' allegations regarding the danger of retaliation are not set out in great detail, they are not wholly conclusory." Does 1-2 v. Off. of Pers. Mgmt., 2025 WL 384577, at *2. And while "[d]iscovery may well render [their] concerns unsupported and unwarranted," the Court finds that their concerns are sufficiently substantiated at this early stage. See Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023) (second factor favored pseudonymity "particularly in light of publicly documented acts of retaliation against [similarly situated] individuals").

The third factor weighs against Plaintiffs, as they are all adults. See Mot. at 5.

The fourth factor leans towards disclosure. Generally, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)). In such cases, the Court "tie[s] [this] factor's outcome to the nature of the relief sought." Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant, . . . the fourth factor favors pseudonymity.") (citation omitted); see also Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (fourth factor favored pseudonymity where "Plaintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request"); T.F. v. Dist. of Columbia, No. 23-3612, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Dec. 7, 2023) (similar where "Plaintiff [sought] to vindicate merely his individual right to a Free and Appropriate Public Education under IDEA") (quotation marks omitted).

The "public interest" in disclosure is "intensified," however, "when [a party] files a suit against the government" in a manner that may "alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward."  In re Sealed Case, 971 F.3d at 329.  Here, beyond declaratory relief and a public recantation by Defendant, Plaintiffs seek to preliminarily and permanently enjoin him from designating the entire OEA as a DEIA office, which would provide more than individualized relief.  See Compl., ¶¶ 27–36; see also In re Sealed Case, 971 F.3d at 329 (public has "interest in open and transparent proceedings" where "the subject matter of the suit is whether the agency has reasonably and evenhandedly applied the statutory and regulatory scheme"); Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (fourth factor favored disclosure where suit "implicate[d] the more broadly applicable" APA and Fourteenth Amendment).

The fifth and final factor favors disclosure of Plaintiffs' identities, at least to Defendant.  This factor considers whether allowing Plaintiffs to proceed pseudonymously would pose a "risk of unfairness" to the opposing party.  In re Sealed Case, 971 F.3d at 327 (quotation marks omitted).  "When pseudonymous status hides the suing party's identity from the defendant, that lack of openness can implicate significant due process concerns."  Id. at 326 n.1.  These concerns are not implicated, however, where a defendant knows a plaintiff's identity.  See id.; see also Sponsor, 2023 WL 2598685, at *3 (no risk of unfairness where plaintiffs "offered to privately identify themselves to the Government Defendants").  Here, the Government is not aware of Plaintiff's identities, see Mot. at 7, which could affect its ability to effectively litigate the case.

In sum, the factors weigh in favor of allowing Plaintiffs to remain anonymous to the public, but against shielding their identities from Defendant.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion to Proceed Under Pseudonym is GRANTED IN PART and DENIED IN PART, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file:

    i.  A pseudonymous version of their [2] Motion and any attachments on the public docket; and

    ii. A Notice containing their real names and addresses, filed under seal.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: April 9, 2025