UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOES et al., <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS COLLINS, Secretary of the Department of Veterans Affairs, <br><br> Defendant. | Civil Action No. 25-0760 (RC) |

## STATUS REPORT

Pursuant to the Court's July 3, 2025, Minute Order, Defendant Douglas Collins, in his official capacity as the Secretary of the Department of Veterans Affairs ("Department"), files this status report.

1.  Plaintiffs filed this action on March 14, 2025, seeking declaratory and injunctive relief pursuant to the Administrative Procedure Act and the First and Fifth Amendments to the U.S. Constitution. *See generally* Compl.

2.  Plaintiffs are career civil servants within Veterans Affairs ("VA" or "Agency"), Veterans Benefits Administration (VBA), Office of Equity Assurance ("OEA"). Following issuance of the President's Executive Order 14151 on January 20, 2025. Subsequently, Plaintiffs were placed on administrative leave on January 22, 2025.

3.  On April 18, 2025, Plaintiffs moved for a temporary restraining seeking to remove Plaintiffs from their status on administrative leave. The Department filed an opposition, and after briefing was complete, the Court on May 2, 2025, denied Plaintiffs motion. *See* May 2, 2025, Order.

4. It is the Department's position that since denial of the Plaintiffs' temporary restraining order, Plaintiffs have not taken any other steps to move this litigation forward. The Department further notes that notwithstanding that this action was filed more than four months ago, Plaintiffs have not served the Department of Justice with a copy of the summons and complaint as required under Federal Rule of Civil Procedure 4.

5. Pursuant to Federal Rule of Civil Procedure 4(m), service must be completed within 90 days of the filing of the complaint. Here, Plaintiffs would have needed to effect service by June 12, 2025. *See* Fed. R. Civ. P. 4(m). That has not occurred.

6. On July 15, 2025, counsel for Defendant contacted counsel for Plaintiffs to advise Plaintiffs of Defendant's position as noted above. On July 17, 2025, undersigned counsel sent a draft status report to counsel for Plaintiffs, noting that if she did not receive a response by the close of business, she would file a Defendant's only status report. Later the same day, counsel for Plaintiffs responded, noting that "some of the Plaintiffs have decided not to continue with the complaint so we are going to dismiss the complaint without prejudice." Counsel for Defendant inquired as to whether Plaintiffs would be filing their dismissal on July 17, 2025, given the Court's July 3, 2025, Order. Although counsel for Plaintiffs confirmed that the filing would occur the same day, as of the time of this filing, Plaintiffs have not yet dismissed this action. Defendant did not want to further delay this filing.

7. In light of the foregoing, the Department would request that the Court dismiss this action without prejudice. *See* Fed. R. Civ. P. 4(m).

Dated: July 17, 2025                                   Respectfully submitted,


                                                  JEANINE FERRIS PIRRO
                                                  United States Attorney


                                         By: */s/ Brenda González Horowitz*
                                                 BRENDA GONZÁLEZ HOROWITZ
                                                 D.C. Bar #1017243
                                                 Assistant United States Attorney
                                                 601 D Street, N.W.
                                                 Washington, DC 20530
                                                 (202) 252-2512
                                                 Brenda.gonzalez.horowitz@usdoj.gov

                                           *Attorneys for the United States of America*